# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

DEIONTA MCQUEEN,

       Petitioner,

v.                            CASE NO.  4:17cv573-RH-EMT

MARCH S. INCH,

       Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

A state-court jury convicted the petitioner Deionta McQueen of armed robbery with a firearm. He challenges the conviction by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 14. No objections have been filed. This order adopts the report and recommendation as the court's opinion except on the issues specifically addressed in this order.

The background is this. Three individuals participated in an armed robbery. The state charged Mr. McQueen and two others. They were tried jointly. Whether

Mr. McQueen was one of the robbers was disputed. The jury resolved the dispute in the state's favor.

One of the three robbers carried a pistol and shot the victim with it. A second defendant carried a shotgun but did not fire it. A third defendant was unarmed. Who carried or discharged a gun was important both on guilt or innocence and, under Florida's 10-20-life statute, on sentencing. *See* Fla. Stat. § 775.087(2)(a).

An eyewitness said Mr. McQueen carried the pistol, but the victim said Mr. McQueen was unarmed. It was clear before the trial that this would be a disputed and important issue.

The state moved in limine to exclude evidence that, several weeks after the robbery, one of the codefendants, Darnell Cooks, shot a person using the same pistol. Mr. McQueen's attorney did not oppose the motion. Mr. McQueen says this was ineffective assistance. On collateral review, the state court—that is, the same judge who presided over the trial—rejected the claim. The court ruled that this was not ineffective assistance because any attempt to admit the evidence would have failed. The court said the evidence would have been excluded under Florida Statutes § 90.403—the state analog of Federal Rule of Evidence 403.

This is not a compelling conclusion. Assuming for the moment that there was available, persuasive evidence that Mr. Cooks possessed this pistol and indeed

shot a person with it three weeks after this robbery, the probative value of the evidence in Mr. McQueen's favor would have been substantial. The evidence would have supported Mr. McQueen's assertion—in line with the victim's testimony—that he was not the one who carried the pistol and shot the victim during this robbery. The evidence would not have been dispositive—criminals sometimes share or transfer guns, and Mr. McQueen apparently was present when Mr. Cooks used this pistol three weeks after this robbery. Still, this evidence would have substantially improved Mr. McQueen's chance of avoiding a mandatory sentence under the 10-20-life statute. Many defense attorneys would have offered this evidence if given a choice.

This does not, however, mean that taking a different course was constitutionally ineffective. The evidence cut both ways. The evidence showed that Mr. McQueen was with Mr. Cooks as he engaged in criminal conduct three weeks after the robbery at issue. This made it more likely Mr. McQueen was indeed one of the three robbers. And there would have been the potential for prejudicial impact on Mr. McQueen—he was associating with the shooter. An attorney trying as this one was for an outright acquittal—rather than just a lower sentence—could reasonably choose to oppose introduction of this evidence.

Neither the defense attorney nor the state court seems to have analyzed the issue in these terms. They seem to have focused not on the probative value but

only on the prejudicial impact. They were correct that evidence of Mr. McQueen's presence at the later crime and his association with Mr. Cooks could have been prejudicial. The court could also properly consider the prejudicial impact on Mr. Cooks. From Mr. Cooks's perspective, this was evidence of a collateral crime committed *by him*, and the possible prejudicial impact thus was far greater. It is hardly surprising that a court would exclude the evidence against Mr. Cooks.

One obvious means of dealing with this issue would be severance. And indeed, another of Mr. McQueen's claims is that his attorney rendered ineffective assistance by not moving for severance. The defense attorney testified that he did not move for a severance because of the high standard a defendant must meet under Florida law to obtain a severance. The state court accepted that explanation. Neither the defense attorney nor the state court seems to have considered the possibility that a severance would have been appropriate so that Mr. McQueen could present the evidence of Mr. Cooks's later possession and use of the pistol at issue.

To prevail on an ineffective-assistance claim, a habeas petitioner must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A rigorous de novo review might well conclude that Mr. McQueen meets this standard. But the case is not here on de novo review. Under the Antiterrorism and Effective Death Penalty Act, with exceptions not applicable

here, a federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Mr. McQueen has not met that standard.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. McQueen has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on January 17, 2020.

s/Robert L. Hinkle_____
United States District Judge